1

**COMMONWEALTH OF VIRGINIA**
Portsmouth Circuit Court
3rd Judicial Circuit

2

3

4

5

6   **MELVIN FLORY**                   )

7   3806 Caroline Avenue
    Portsmouth, Virginia 23701       )

8                             )
       Plaintiff,            )

9                            )
  v.                       )   Case No._____

10                           )

11   **BANK OF AMERICA, N.A.;**     )
  **A federally chartered bank**     )

12   Office of the President
    Brian T   Moynihan

13   100 North Tryon St          )
    Charlotte NC 28225

14

15     **SERVE:**Secretary Of Commonwealth  )
     Attn: Service Process Department

16      P.O.BOX 2452            )

17      Richmond VA 23218
  And

18                          )

19   **CITIGROUP, N.A.;**
  **Office of Chief Executive**

20   Sanjiv Das
    1000 Technology Drive

21   O'Fallon, Missouri 63368

22

23     **SERVE:**Secretary Of Commonwealth  )
     Attn: Service Process Department

24      P.O.BOX 2452
     Richmond VA 23218

25   And                    )

26   **MORTGAGE ELECTRONIC**     )

27   **REGISTRATION SYSTEM, aka MERS**
  1818 Library St Suite 300       )

28   Reston VA 20190

Complaint      Flory v. Bank of America, et. al. - 1

**EXHIBIT**

*A*

1       **SERVE:** Sharon Horkskamp Esq.
2        1818 Library St Suite 300
     Reston VA 20190
3   And
                    )
4   **WELLS FARGO BANK;**
5   **Office of President**           )
**John G. Stumpf**              )
6   420 Montgomery St
San Francisco CA 94104
7
8       **SERVE :** Secretary Of Commonwealth  )
    Attn: Service Process Department
9       P.O.BOX 2452
    Richmond VA 23218
10
11  And                      )
**RECONTRUST COMPANY**
12   2380 Performance Drive,
Richardson, TX 75082
13
14      **SERVE :** Secretary Of Commonwealth  )
    Attn: Service Process Department
15      P.O.BOX 2452
    Richmond VA 23218     .   )
16
17  and Does 1 to 100, inclusive      )
                           )
18      Defendants.              )
19
20
21
22
23
24
25
26
27
28

                Complaint      Flory v. Bank of America, et. al. - 2

# COMPLAINT

Plaintiff Melvin Flory pursuant to Va. Sup. Ct. R. 3:2 and Va. Code Ann. § 8.01-15.1A, submits this Complaint against Defendants named as follows:

## PARTIES

1. Plaintiff is a resident and citizen of Portsmouth, Virginia. The real property the subject of this action is sited in the same city and state.

2. Defendant Bank of America [hereafter BOA], is domiciled and does business in the Commonwealth of Virginia at all times referenced herein.

3. Defendant Citibank [hereafter Citi], is domiciled and does business in the Commonwealth of Virginia at all times referenced herein.

4. MERS, is domiciled in Flint, Michigan and does business in the Commonwealth of Virginia at all times referenced herein. Any reference to Does is to an unidentified person or entity yet to be named by amendment or similar means under Va. Codes.

## VENUE AND JURISDICTION

5. This Court has jurisdiction over all parties because they are Virginia citizens or do business within this jurisdiction.

6. Venue is appropriately within in the Circuit Court of the City of Portsmouth pursuant to Va. Code Ann. § 8.01-262, because the real property is located therein and the events, torts and breaches giving rise to plaintiff's claims against all defendants occurred in the City of Portsmouth, Va.

## FACTUAL ALLEGATIONS

7. Plaintiff Melvin Flory is a property owner of real property located at 3806 Caroline Avenue, Portsmouth, Virginia 23701 by reason of a grant deed dated November 20, 2006. Plaintiff has diligently searched the land office records of this county and state and found and alleges therefore, that he is a free and clear titleholder of the property in question. However, he has been subjected to a litany of demands, requests and assorted inquiries by named defendants herein, suggesting that he is not the outright title holder. Such activities over the past four years have not ceased and he seeks to have a judicial resolution of the questions and obtain a judgment thereon including for equitable and legal relief in damages as

1  plead. Plaintiff has uncovered an apparent a dispute between BOA and defendant Wells Fargo

2  Bank who both claim some form of interest, yet unknown against the real property in question.

3      8.  Plaintiff alleges that he has a clear title interest in said property and disputes rejects

4  and denies all claims and possible liens against his property asserted by any defendant, Does 1-

5  100 or other unnamed claimant and seeks relief and declarations sufficient to *quiet title* and other

6  relief at law for damages occasioned by the artificial contentions and cloud by lien on title placed

7  by such claimants.

8      9.  On or about January, 2012 and in July, 2012, plaintiff received notices from

9  ReconTrust and Bank of America of their *intention to foreclose* upon the property in question.

10  Plaintiff received further notices in July 2012 of a "sale." The notice was and is inconsistent with

11  plaintiff's belief that he owns the property unencumbered and without any lien or secured interest

12  thereon. If so, plaintiff seeks a finding and order establishing such to be the undisputed facts and

13  that title be quieted in plaintiff's name from the date of judgment thereafter. further allegations.

14  Plaintiff will record and file a Lis Pendens in support if this cause of action. The balance of this

15  action seeks remedies allowed under the law in damages and equitable relief as pled.

### COUNT ONE
### To Quiet Title against all Defendants

16      10.  Plaintiff repeats all allegation from the preceding paragraphs by reference as though

17  fully set forth.

18      11.  Plaintiff denies, rejects and challenges all adverse claims and allegations of any

19  equitable or legal right to the subject property by any defendant or Doe, address known as: 3806

20  Caroline Avenue, Portsmouth, Virginia 23701

21      12.  Plaintiff seeks to quiet title against all persons or entitles and have any deed of trust

22  declared void as a matter of law as of January 3, 1994.

23      13.  Plaintiff seeks a judicial declaration that the title to the Subject Property is vested in

24  Plaintiffs alone and that the Defendants and each of them be declared to have no interest, right or

25  title in the subject property and that the Defendants, their agents and assigns, be forever enjoined

26  from asserting any estate, right title or interest in the Subject Property subject to Plaintiffs'

27  rights.

28

14. A *lis pendens* has been or will be filed and recorded with the appropriate land records governmental agency or recorder sufficiently clouding title *pendente lite*.

## COUNT TWO
### For Declaratory Relief against all Defendants

15. Plaintiff repeats all allegation from the preceding paragraphs by reference as though fully set forth.

16. A good faith case and controversy has arisen among all defendants concerning the rights, duties and obligations attendant to the subject real property.

17. Plaintiff seek a declaratory judgment which resolves by judicial determination those issues and settles the dispute in question. Such is prayed for herein.

## COUNT THREE
### For Negligence against all Defendants

18. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 34, inclusive, as though fully set forth herein.

19. At all times relevant herein, the Defendants and Does, acting as Plaintiff's lender and loan servicer, and trustee or agents of these defendants had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records, including, but not limited, accurate crediting of payments made by Plaintiffs.

20. In taking the actions alleged above, the Defendants breached their duty of care and skill to Plaintiff in the servicing of Plaintiffs' loan by, among other things, failing to properly and accurately account for and credit payments made by Plaintiffs toward the loan, then breaching their duty by preparing and filing false and inaccurate documents, and by attempting to foreclose on the Subject Property without having the legal authority and/or proper reviewed and authorized documentation to do so. Plaintiff also believes and alleges that Defendants and Does also over charged and added false charges inflating the sum due under the note by reason of this activity.

21. As a direct and proximate result of the negligence and carelessness of the Defendants as set forth above, Plaintiffs suffered general and special damages in an amount to be determined at trial.

## COUNT FOUR
### For Breach of Written Contract

22.  Plaintiffs incorporate herein by reference the allegations made in all preceding paragraphs, inclusively, as though fully set forth herein.

23.  Plaintiffs' original loan agreement including ARM *aka* adjustable rate mortgage terms, set forth dates by which monthly principal and interest payments were due, and when late fees and other charges could be assessed. These terms and conditions are also governed by state and federal statutory schemes and included as implied terms, limits and conditions.  An implied term of the loan contract in writing [*vis.* in the promissory note, et al.] **was a duty to keep accurate and correct honest records of all transactions** *vis a vis* the plaintiff and defendants and each of them and Does 1-100.

24.  The terms of the note which apply to any subsequent securitized defendant seeking to enforce the Note  required payments made by Plaintiffs to be applied properly to the note.  Facts show they were not, breaching the contract.

25.  Plaintiff alleges that the  Defendants breached the loan terms and Note by failing to keep accurate records of all income received, credited, charges and payment histories and then applying false and inflated sums by way of late charges, penalties, late fees, attorney's fees and the like, which was not part of the terms of the written Note.  ·

26.  As a proximate result of Defendants' breaches, Plaintiffs have suffered damages in an amount to be proven at trial.

### COUNT FIVE
### Violation of Fair Credit Reporting Act [Fn1, below]

27.  Plaintiff incorporates herein by reference the allegations made in all preceding paragraphs and causes of action inclusive, as though fully set forth herein.

28.  Plaintiff alleges all defendants violated the FCRA calling for damages for such misdeeds. [1]  Defendants did not convey accurate account status and failed to take care to assure such was done as the act mandates.

---

[1] Civil liability for willful or negligent violations of the FCRA include:
For willful noncompliance with the act, a consumer may, under § 616 (15 U.S.C. § 1681n), recover the greater of either actual damages or a statutory minimum of $100 to maximum of $1000, plus possible punitive damages, as well as reasonable attorney's fees and costs. Under § 617 of the Act, (15 U.S.C. § 1681o), recovery for a

29. But for the acts of defendants plaintiff would not have been injured or harmed. Plaintiff seeks damages for all violations in a sum not less than $250,000.

## COUNT SIX
### Violation of Fair Debt Collection Practices Act [FN2, below]

30.     Plaintiff incorporates herein by reference the allegations made in all preceding paragraphs and causes of action inclusive, as though fully set forth herein.

31.     Defendants and each of them as debt collecting entities or their agents or assigns violated the FDCPA for which there are remedies available as pled. [2]

---

negligent violation is of actual damages, plus attorney's fees. Under § 618, a consumer may file suit in state or federal court to enforce the Act, and the statute of limitations is the earlier of two years from discovery of the violation or five years from the date of the violation. (15 U.S.C. § 1681p.)

[2] § 813. FDCPA - Civil liability [15 USC 1692k]

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of --

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors --

(1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or

(2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

32. Plaintiff alleges all defendants have injured him in actual damages in a sum not less than $150,000 and statutory damages under the code. But for the defendants acts, plaintiff would not have been injured.

COUNT SEVEN
Fraud and Deceit

33. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 32, inclusive, as though fully set forth herein.

34. On or about 2008, on information and belief Plaintiff sought a better loan rate and terms. In contacting BOA and other defendants, Does, agents and assignees of BOA, plaintiff on or about July 2008 by telephone call to a woman calling herself Lora P. and then a second time to a man named Mauricio R., that "if you stop paying your mortgage payments for at least 90 days we guarantee that you will qualify for and receive a loan modification and a new note with better terms that the one you now have with guaranteed lower monthly payments. Plaintiff submitted numerous documents in furtherance of this agreement which plaintiff accepted forming a contract that is fully enforceable. Plaintiff then after the submission of dozens of documents as requested was told in or about October, 2008 by the same individuals that he was not qualified and the "guarantee" was suddenly and unilaterally rescinded. Plaintiff was told again in the same time frame that his payments would not be accepted "because you are not current, behind on payments, owe late fees, penalties, interest to plaintiff's account falsely after reneging on the guarantee. Plaintiff reasonably relied upon the promise and made more payments in sums that were not reduced and the same as prior to the false promises. The promises made were false when uttered and designed to deceive plaintiff and foster the defendant BOA's

(c) A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

(d) An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

(e) No provision of this section imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the Commission, notwithstanding that after such act or omission has occurred, such opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

intention to use the arrearage "scheme" to foreclose on plaintiff and harm him financially, emotionally and personally. Plaintiff had the promises of defendants been made would have gained the benefit of a new loan payment schedule, thus paying less per month under the promise as guaranteed. The former payment was $1,124.26. The reduced sum was to be reduced to a sum of about $826. 56. The spread caused payments and thus, damages of about $300 per month that plaintiff would have saved under the promises made. Damages are accruing from October, 2008 until the present, now February, 2013 a period of nearly 5 years. This contract being a part of the original note, (a writing which is enforceable), but simply modified or novated, was still in place. Plaintiff alleges in the alternative, that in spite of the quiet title action, that he was defrauded out of thousands of dollars in payments proximately caused by such deceit and fraud.

35.   Plaintiff then made more payments over the period of 2008 to 2012. The payments were not accepted by BOA nor credited property to lower the principal or interest under the terms of the Note in furtherance of this corrupt fraudulent scheme.

36. But for this false and dishonest representations of BOA and their agents and assigns and Does, he would not have relied upon same to his clear financial and personal detriment.

37. Plaintiff seeks actual, general, special, economic, non-economic and punitive damages from all defendants who jointly and severally conspired to and did deceive willfully plaintiff.

## COUNT EIGHT
### For an Accounting

39. Plaintiffs incorporate herein by reference the allegations made in the preceding paragraphs, inclusive, as though fully set forth herein.

40.   Plaintiff demands an accounting of his entire loan account from any and all defendants and Does who have any knowledge, information, duties or rights under the original loan and Note, if such exists,  concerning the transaction to determine the correct amount of the loan, note, payments made, overcharges, charges, payments due, credits due and payoff balance and that responsible defendants pay the cost of this accounting cause of action as part of the damages awarded to plaintiff.

## COUNT NINE
### For Expungement of Equitable Lien and Satisfaction of Lien

41.  Plaintiffs incorporate herein by reference the allegations made in the preceding paragraphs, inclusively, as though fully set forth herein.

42.  Plaintiff seeks in equity a judicial order expunging all equitable liens upon his property by reason of a note and deed of trust if said documents are deemed a nullity by reason of findings that the note was satisfied and presently non-existent as a lien instrument and thus, the mortgage [DOT, aka Deed of Trust] which is merely an incident of the Note  is therefore cancelled and without further effect under the mortgage and secured transactions laws of this commonwealth which govern such transactions.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

1.  Actual damages, both general and special in the amount of One Million Dollars ($1,000,000) jointly and severally against Defendants;

2.  Punitive damages in the amount of Five Million Dollars ($5,000,000) jointly and severally against Defendants by way of punishment and example;

3.  An award of the attorneys' fees and costs incurred herein; and

4.  Such other and further relief as the Court deems is just and appropriate.

5.  For a declaratory relief judgment;

6.  For any equitable relief as may be plead or plead by amendment hereafter.

7.  For recovery of all damages under the FDCPA as allowed therein.

**JURY TRIAL IS DEMANDED**

Melvin Flory, in pro se

By:
Melvin Flory, in pro se
3806 Caroline Avenue
Portsmouth, Virginia 23701
Telephone: 757.434.8464
Email: Melmaniam@Cox.net

Complaint        Flory v. Bank of America, et. al. - 10